# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0851V
(not to be published)

| | |
|---|---|
| MARLENE WOODCOCK, as personal representative for ESTATE OF JAMES D. WOODCOCK,<br><br>                      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                      Respondent. | Chief Special Master Corcoran<br><br>Filed: June 6, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*David P. Murphy*, David P. Murphy, Attorney at Law, Greenfield, IN, for Petitioner.

*Mitchell Jones*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On February 3, 2021, James D. Woodcock filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered from Guillain-Barré Syndrome ("GBS") as a result of an influenza vaccine he received on October 30, 2018. Petition at ¶1.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner's wife was substituted as Petitioner on April 14, 2022, after Petitioner's death. ECF No. 36. On December 13, 2022, I issued a decision awarding compensation for Mr. Woodcock's GBS injury, based on the parties' stipulation. ECF No. 44.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $30,890.57 (representing $13,662.30 for attorney's fees, $584.75 for attorney's costs, and $16,643.52 for Petitioner's out-of-pocket expenses). Petitioner's Verified Petition for Fees and Expenses, filed Dec. 15, 2022, ECF No. 45. In accordance with General Order No. 9, Petitioner's counsel has represented that Petitioner incurred out-of-pocket expenses in the amount of $16,643.52. ECF No. 45-3.

Respondent reacted to the motion on April 14, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 46. Petitioner did not file a reply thereafter.

Although the costs of obtaining medical records was properly included in Petitioner's out-of-pocket expenses (*see* Section 15(e)), the remaining amounts - for medical equipment, medical expenses and co-pays, and mileage while obtaining medical care for Mr. Woodcock, would have been covered under the parties' stipulation (ECF No. 45-3; *See* Section 15(a)-(c)). Additionally, Petitioner had failed to file the receipts for some of the appropriately included costs. Therefore, I ordered Petitioner to provide the needed receipts.

In response, Petitioner filed a status report reducing the amount sought for Petitioner's out-of-pocket costs and correcting a mathematical error. ECF No. 50. Petitioner now requests $22,572.34 (representing $13,662.30 in attorney's fees, $584.75 in attorney's costs, and $8,325.29 in Petitioner's out-of-pocket costs). *Id.* at 2. She also provided the receipts needed to support the medical records costs of $5,584.09. ECF No. 50-1. Although Petitioner did not specify the purpose for the remaining $2,741.20 in Petitioner's costs sought, I assume it was the mileage previously claimed. *See* ECF No. 45-3 at 1.

Having considered the requested hourly rate increase and following review of the billing records submitted with Petitioner's requests, I find reductions in the amount of fees and costs to be awarded appropriate, for the reasons listed below.

2

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner is requesting hourly rates of $509 for all time billed between 2020 - 2022 for attorney David Murphy and $172 for his paralegal. ECF No. 44-1. Mr. Murphy has been a licensed attorney since 1972, placing him in the range for attorneys with more than 31 years of experience. However, the requested hourly rate exceeds the appropriate range for Mr. Murphy's 2020 level of experience: $433 - $484. *See* 2020 Attorneys' Forum Hourly Rate Fee Schedule at http://www.uscfc.uscourts.gov/node/2914 (last visited May 25, 2023). And it is the maximum amount for the appropriate range on the 2021 schedule and close to the maximum for the 2022 schedule. *See* 2021 and 2022 Attorneys' Forum Hourly Rate Fee Schedules at http://www.uscfc.uscourts.gov/node/2914 (last visited May 25, 2023).

When determining the appropriate hourly rate within these ranges, I consider the additional factors set forth in *McCulloch*: experience in the Vaccine Program, overall legal experience, the quality of work performed, and reputation in the legal community and community at large. *See McCulloch v. Sec'y of Health and Hum. Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Attorney's fees have previously been awarded for Mr. Murphy's work during 2015 through 2018. *E.g., Adler v. Sec'y of Health & Hum. Servs.,* No. 16-960V, 2016 WL 8488379 (Fed. Cl. Spec. Mstr. Dec. 1, 2016). Although his level of overall experience is significant, he has litigated only 18 vaccine cases since 1999, and the quality of his work cannot be categorized as excellent. For these reasons, I find it appropriate to utilize rates more in line with Mr. Murphy's Vaccine Program experience and quality of work. I therefore award the following rates: $433 per hour for 2020; $455 per hour for 2021; and $470 per hour for 2022. As a result, the amount of fees to be awarded in this case is reduced by **$649.00**.[3]

Similarly, the hourly rate used for Mr. Murphy's paralegal's 2020 work is greater than the maximum amount for the paralegal range in 2020: $141 - $163. *See* 2020 Attorneys' Forum Hourly Rate Fee Schedule at http://www.uscfc.uscourts.gov/node/2914 (last visited May 25, 2023). And it is the maximum amount for the appropriate range on the 2021 schedule and close to the maximum for the 2022 schedule. *See* 2021 and 2022 Attorneys' Forum Hourly Rate Fee Schedules at http://www.uscfc.uscourts.gov/node/2914 (last visited May 25, 2023). Because Petitioner has not provided the information needed to justify this greater paralegal hourly rate, I will award the following rates: $150 per hour for 2020; $157 per hour for 2021; and $162 per hour for 2022. As a result, the amount of fees to be awarded in this case is further reduced by **$568.50**.[4]

## ATTORNEY COSTS

Petitioner requests $584.75 in attorney costs, representing $182.75 to establish Mr. Woodcock's estate and the $402.00 filing fee for this vaccine case. ECF No. 45 at 3; ECF No. 45-2 at 1-2. "Special masters generally award the reasonable costs of establishing an estate and appointing a representative," but not costs which are excessive or related to the administration of the estate. *Fulling v. Sec'y of Health & Hum. Servs.,*

---

[3] This amount consists of ($509 - $433 = $76 x 4.0 hrs. = $304.00) + ($509 – $455 = $54 x 3.5 hrs. = $189.00) + ($509 - $470 = $39 x 4.0 hrs. = $156.00) = $649.00.

[4] This amount consists of ($172 - $150 = $22 x 5.0 hrs. = $110.00) + ($172 - $157 = $15 x 17.9 hrs. = $268.50) + ($172 - $162 = $10 x 19.0 hrs. = $190.00) = $568.50.

4

No. 18-1549V, 2022 WL 3023505, at *3 (Fed. Cl. Spec. Mstr. July 11, 2022); *accord. Durand v. Sec'y of Health & Hum. Servs.,* No. 15-1153V, 2020 WL 639372, at *6-7 (Fed. Cl. Spec. Mstr. Jan. 16, 2020). I find these costs to be reasonable and will award the full amount requested.

## PETITIONER COSTS

Petitioner has reduced the amount sought for her out-of-pocket expenses from $16,643.52 to $8,325.29, representing $5,584.09 for the costs of obtaining Mr. Woodcock's medical records (ECF No. 50-1) and $2,741.20 which appears to be for mileage traveled during Mr. Woodcock's illness (*see* ECF No. 45-3 at 1). The amount sought for mileage is not an appropriate *litigation* cost but rather an expense which would be covered by the compensation awarded Petitioner pursuant to the parties' stipulation. *See* Decision, issued Dec. 13, 2022, ECF No. 44; Section 15(a)-(c) (describing the types of compensation paid under the Vaccine Program). Only costs incurred in any proceeding – *litigation* costs, are paid when awarding attorney's fees and costs. *See* Section 15(e). Thus, I will not reimburse the $2,741.20 requested for mileage.

However, Petitioner has provided all receipts for the $5,584.09 in costs paid by Petitioner to obtain Mr. Woodcock's medical records. I will pay that amount in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded the total amount of $18,613.64[5] as follows:**

- **A lump sum of $13,029.55, representing reimbursement in the amount of $12,444.80 for attorney's fees and in the amount of $584.75 for attorney's costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel; and**

- **A lump sum of $5,584.09, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

---

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

5

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.